IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CORNULIUS WAYNE TIMMONS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00152-N |
| | ) | |
| SCOTCH PLYWOOD COMPANY, | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the motion to quash the summons, or in the alternative, motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) (Doc. 8) filed by Defendant Scotch Plywood Company, identifying itself as Scotch Plywood, Inc. (hereinafter, "Scotch"). Plaintiff Cornulius Wayne Timmons has timely filed a response (Doc. 10) in opposition to the motion, Scotch has timely filed a reply (Doc. 11) to the response, and the motion is now under submission (*see* Doc. 9). Upon consideration, the Court finds that Scotch's motion to quash the summons is due to be **GRANTED**, and that the alternative motion to dismiss under Federal Rule 12(b)(5) is due to be **DENIED**.

### I. *Legal Standards*

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may bring a motion to dismiss based "insufficient service of process."

> By definition, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S. Ct. 242, 90 L. Ed. 185 (1946). A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States

Constitution "as a matter of individual liberty" so that "the maintenance of the suit ... [does] not offend 'traditional notions of fair play and substantial justice.' " *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–03, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

*Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003).

> In the absence of valid service of process, proceedings against a party are void. *E. g., Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968). When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity. *Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 27, 1981).[1] In deciding a Federal Rule 12(b)(5) motion, a district court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the issue. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

"Motions under Federal Rule[]…12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply

---

[1] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 n.1 (11th Cir. 2013).

dismissing the case when the defendant's defense or objection is sustained…Usually a movant requests dismissal and quashing in the alternative or asks for both forms of relief…The federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant."  The Late Charles Alan Wright, *et al.*, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed.) (footnotes omitted).  *Accord Villafana v. Auto-Owners Ins.*, Civil Action No. 06-0684-WS-B, 2006 WL 3834276, at *2 & n.8 (S.D. Ala. Dec. 29, 2006) (Steele, J.).

## II.    *Analysis*

Federal Rule of Civil Procedure 4(h)(1) provides the methods for serving process on corporations that are located within a judicial district of the United States, such as Scotch.  It states that, "unless the defendant's waiver has been filed," a corporation must be served: (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual" – that is, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" Fed. R. Civ. P. 4(e)(1) – or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…"[2]  Fed. R. Civ. 4(h)(1).  Alabama, the only applicable "state law" under Federal Rule 4(e)(1), also requires service of process to be made on a corporation "by serving an officer, a partner (other than a limited partner), a managing or general

---

[2] Federal Rule 4(h)(1)(B) requires additional process "if the agent is one authorized by statute and the statute so requires," but there is no contention that provision applies here.

agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Thus, "[b]oth the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure contemplate service upon a corporation through its 'officers' or 'agents.'" *Drill S., Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1238 n.10 (11th Cir. 2000) (per curiam) (citing Fed. R. Civ. P. 4(h)(1); Ala. R. Civ. P. 4(c)(6)).

The Court first dispenses with Timmons's claim that "co-counsel for the Defendant, Attorney Sidney F. Lewis,…agreed to accept service" on behalf of Scotch. (Doc. 10 at 1). Having reviewed the letter from Lewis (Doc. 10 at 3) that Timmons attaches in support of this assertion, the undersigned agrees with Scotch that nothing therein evidences an agreement to accept or waive service of process on behalf of Scotch.[3] Moreover, under both Alabama and federal law, service of process is not effectual on a party's attorney solely by reason of his capacity as attorney. *See Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971); *Kingvision Pay-Per-View, Ltd. v. Ayers*, 886 So. 2d 45, 52 (Ala. 2003).

The summons issued by the Clerk of Court was directed to "Scotch Plywood Company, Mr. Will Colvin, Plant Manager, 101 Main Street, Fulton, AL 36446."

---

[3] The body of the letter, dated April 9, 2018, and addressed to Timmons's counsel of record, states, in full: "In follow-up to our recent conversations regarding my representation of Scotch Plywood Company in the above-referenced matter, please direct all future correspondence to me. My partner, Jim Rebarchack, out of our Mobile office will also be on the case and will be handling the trial in this matter. I look forward to working with you." (Doc. 10 at 3).

(Doc. 5). On April 30, 2018, counsel for Timmons filed a Return of Service form[4] asserting that counsel had "personally served the summons on the individual at (place) Scotch Plywood Company 101 Main Street, Fulton, AL on April 26, 2018." (Doc. 7).[5] Scotch claims that "service of process was improper because the summons and complaint were not served on the proper individual for the corporation who is authorized to receive service. In fact, the return of service lists only the company – no individual is listed at all." (Doc. 8 at 2).

In response, Timmons asserts, without providing additional evidentiary support, that he served the complaint and summons on "Will Covin [sic], the plant manager and a shareholder of Defendant's company…" (Doc. 10 at 1). In reply, Scotch asserts that Colvin, "purportedly a 'plant manager and a shareholder'…, is not a managing or general agent for service of process on Scotch[, n]or does Mr. Colvin satisfy any other criteria for sufficient service of process." (Doc. 11 at 1). In support, Scotch cites a printout from the Alabama Secretary of State's website made on June 5, 2018, listing "T H O'Melia, Jr" at "119 Main Street, Fulton, AL 36446" as Scotch's registered agent. (Doc. 11-1).

As Scotch correctly observes, Timmons's Return of Service declaration fails to specify the "individual" on whom his counsel served the summons and complaint on

---

[4] The Return of Service is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury.

[5] *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

April 26, 2018.[6] However, even giving Timmons the benefit of the doubt that this "individual" was Will Colvin, Timmons has failed to present any affidavits or other evidence substantiating his claim that Colvin is either Scotch's "plant manager" or "a shareholder" in the company,[7] nor has he offered any argument why either of these classifications, even if true, would qualify Colvin as "an officer," "a managing or general agent," or an "agent authorized by appointment or by law to receive service of process" under either Federal Rule 4(h)(1)(B) or Alabama Rule 4(c)(6).

Nevertheless, Scotch has also failed to present any evidence to substantiate its claim that Colvin is "not a managing or general agent for service of process on Scotch" and does not "satisfy any other criteria for sufficient service of process." (Doc. 11 at 1). At most, Scotch's printout from the Alabama Secretary of State shows that Colvin is not Scotch's registered corporate agent under Alabama law. However, at least under Federal Rule 4(h)(1)(B), service is effective when made on either an "officer" or "a managing or general agent," regardless of whether that person has been separately "authorized by appointment or by law to receive service of process." *See* The Late Charles Alan Wright, *et al.*, 4A Fed. Prac. & Proc. Civ. § 1101 (4th ed.) ("The initial portion of Rule 4(h)(1)(B) authorizes service to be made by delivering copies of the summons and complaint to an officer or to a managing or

---

[6] Indeed, it appears that Timmons's counsel filled out the section of the form to be used for showing proof of service on a natural person defendant, rather than the section for showing proof of service on an artificial entity defendant, which provides: "I served the summons on _____, who is designated by law to accept service of process on behalf of Scotch Plywood Company on _____[.]" (Doc. 7).

[7] "[A] sentence in an unsworn brief is not evidence." *Travaglio*, 735 F.3d at 1269.

general agent of the organization. If the agent served can be shown to be an officer or a managing or general agent, service may be made on the organization by delivering the process to the agent without inquiring whether the individual has any express or implied authority to receive the papers on behalf of the defendant; the individual's position within the organization establishes the authority to receive the summons and the complaint."); *Vax-D Med. Techs., LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 596 (11th Cir. 2007) ("Under the Federal Rules of Civil Procedure, Vax–D…Texas Spine Medical Center. Pursuant to Rule 4(h), 'service upon a domestic ... unincorporated association ... shall be effected ... by delivering a copy of the summons and of the complaint to an officer [or] a managing or general agent….' Fed. R. Civ. P. 4(h). Because Vax–D served its Summons and Amended Complaint, which named Texas Spine as a defendant, upon Kathy Gatewood, Texas Spine's manager, service was proper, and the district court consequently obtained personal jurisdiction over Texas Spine. *Accord Henderson v. Cherry, Bekaert & Holland*, 932 F.2d 1410, 1413 (11th Cir. 1991) (finding service upon business proper when made upon company manager).").[8]

Upon consideration, the Court finds that quashing the current service of process, rather than dismissal under Federal Rule 12(b)(5), is the appropriate course

---

[8] "Federal, not state, standards define who such agents are…" *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 444 (5th Cir. 1979). *See also* The Late Charles Alan Wright, *et al.*, 4A Fed. Prac. & Proc. Civ. § 1103 (4th ed.) ("A federal standard controls the question of whether a particular person is a managing or general agent for purposes of this subdivision of the rule. Thus, service under Rule 4(h)(1)(B) can be made upon a person who is not a proper agent to receive process under state law.").

at this juncture. First, while Timmons has failed to meet his burden of showing the validity of service of process in opposing the present motion, Scotch has failed to affirmatively demonstrate that Colvin, if served, would not be a proper "officer" or "agent" for purposes of either Federal Rule 4(h)(1)(B) or Alabama Rule 4(c)(6). *See* 5B Fed. Prac. & Proc. Civ. § 1354 ("[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow the plaintiff another opportunity to serve the defendant.") Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service."). Second, Scotch has provided the name and address of the registered agent it has on file with the Alabama Secretary of State (*see* Doc. 11-1), thus offering an alternative by which Timmons can perfect service on Scotch through an "agent authorized by appointment or by law to receive service of process." *See* 5B Fed. Prac. & Proc. Civ. § 1354 ("[S]ervice generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."); *Villafana*, 2006 WL 3834276, at *2 ("[T]he decision whether to dismiss or simply quash service is left to the sound discretion of the trial court, with that discretion skewed against dismissal if there remains 'a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.' 5B *Federal Practice and Procedure,* § 1354 at 348. Here, Catastrophe's response has identified the name and location of its president, service upon him would constitute service on the defendant pursuant to Rule 4(h)(1), and Catastrophe

does not challenge the plaintiff's representation that she now has the tools with which to perfect service." (footnote omitted)).

"When quashing process, courts have the discretion to order conditions, including time constraints, within which the plaintiff may make a second attempt at service." 5B Fed. Prac. & Proc. Civ. § 1354. *See also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").[9] Accordingly, the Court will set a deadline of 30 days in which Timmons must serve Scotch and file proof of same.[10]

### III. *Conclusion*

In accordance with the foregoing, it is **ORDERED** that Scotch's motion to quash the summons (Doc. 8) is **GRANTED**, and that its alternative motion to dismiss under Rule 12(b)(5) (Doc. 8) is **DENIED**. All prior process in this action is hereby **QUASHED**. Timmons is **ORDERED** to serve Scotch with process in accordance with Federal Rule 4(h)(1), and file proof of same, no later than **Monday,**

---

[9] The complaint was filed over 90 days ago, on April 2, 2018. (*See* Doc. 1).

[10] While the Court "may permit proof of service to be amended[,]" Fed. R. Civ. P. 4(l)(3), the Court finds the simplest course of action at this stage is to quash the current service of process and start anew. There is no indication that this will impose any substantial hardship on Timmons.

**August 6, 2018**.  Failure to do so will result in dismissal of this action without prejudice under Federal Rule 4(m).[11]

**DONE** and **ORDERED** this the 5th day of July 2018.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered April 4, 2018.  (Doc. 2).  The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition," and makes clear that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge."  Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation.  *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.'  *Id.* at 589–90, 123 S. Ct. 1696.").