# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CORNULIUS WAYNE TIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0152-WS-N |
| | ) |
| SCOTCH PLYWOOD COMPANY, etc., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 34). The plaintiff declined the opportunity to respond, (Doc. 44), the defendant filed no reply, and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted.

## BACKGROUND

According to the amended complaint, (Doc. 3), the plaintiff was employed by the defendant. The plaintiff was subjected to a racially hostile work environment and, when he complained, was terminated. The plaintiff asserts claims under Title VII and state law.

The defendant argues the merits of the plaintiff's claims, but it also asserts those claims are barred by judicial estoppel because the plaintiff did not disclose in his bankruptcy filings the existence of this lawsuit. (Doc. 34 at 9-13). The Court finds the latter argument dispositive.

## DISCUSSION

"[A] district court may apply judicial estoppel when a two-part test is satisfied: the plaintiff (1) took a position under oath in the bankruptcy proceeding

that was inconsistent with the plaintiff's pursuit of the civil lawsuit and (2) intended to make a mockery of the judicial system." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc). When these elements are present, a court has "discretion to dismiss the party's claims." *Id.* Conversely, "[w]hen a plaintiff intended no deception, judicial estoppel may not be applied." *Id.* at 1187.

Because judicial estoppel is an affirmative defense,[1] on motion for summary judgment the defendant must present evidence that, if not controverted, would require a favorable determination of the fact in issue. *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). The facts described below are so supported.[2]

It is uncontroverted that the plaintiff took a position under oath in his bankruptcy proceeding that was inconsistent with his pursuit of this lawsuit. The defendant filed this action on April 2, 2018, seeking compensatory and punitive damages in connection with his allegedly unlawful work environment and termination. (Doc. 1 at 11). Four months later, on August 8, 2018, the plaintiff filed in this District a Chapter 13 bankruptcy petition. *In re: Timmons*, Bankr. No. 18-03185, Doc. 1. On September 4, 2018, while this action was pending, the plaintiff filed Schedule A/B, which includes over 50 numbered paragraphs describing types of assets for disclosure. *Id.*, Doc. 10. Paragraph 33 requires a debtor to identify any "[c]laims against third parties, whether or not you have filed

---

[1] *Smith v. Werner Enterprises, Inc.*, 65 F. Supp. 3d 1305, 1308 n.1 (S.D. Ala. 2014), and cases cited therein.

[2] The Eleventh Circuit has indicated that a trial court addressing judicial estoppel on motion for summary judgment may find facts, subject only to clear-error review. *E.g., Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). Because summary judgment is ordinarily based on uncontroverted facts rather than on findings of controverted fact, the Court in an exercise of caution employs the ordinary standard. Each of the uncontroverted facts addressed in this opinion would be found by the Court under the *Robinson* standard.

a lawsuit or made a demand for payment" and lists as examples "[a]ccidents, employment disputes, insurance claims, or rights to sue." *Id*. at 13. The plaintiff checked the "no" box. *Id*. On the same date, the plaintiff filed his Statement of Financial Affairs, which required him to "identify legal actions, repossessions, and foreclosures." *Id*. at 36. The plaintiff was asked, "[w]ithin 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding" and was instructed to "list all such matters"; the plaintiff again checked the "no" box. *Id*. at 38. The plaintiff declared under penalty of perjury that these representations were true and correct. *Id*. at 35, 41.[3] Both these representations were in fact incorrect and inconsistent with the plaintiff's pursuit of this lawsuit. *Slater*, 871 F.3d at 1176 ("[A] plaintiff who has a pending civil lawsuit [who] fails to list the … lawsuit in these [bankruptcy] disclosures effectively takes inconsistent positions in the two judicial proceedings by asserting in the civil lawsuit that he has a claim against the defendant while denying under oath in the bankruptcy proceeding that the claim exists.").

"We hold that to determine whether a plaintiff's inconsistent statements were calculated to make a mockery of the judicial system, a court should look to all the facts and circumstances of the particular case." *Slater*, 871 F.3d at 1185. In particular:

> the court may consider such factors as the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.

---

[3] Copies of these court filings and the pertinent representations are included in the defendant's exhibits. (Doc. 34-5 at 10, 16).

*Id*. This listing is not exhaustive, and a court "is free to consider any fact or factor it deems relevant to the intent inquiry." *Id*. at 1185 n.9.

The facts and circumstances presented here demonstrate that the plaintiff's false representations in the bankruptcy proceedings that he was not a plaintiff in any lawsuit were calculated to deceive and thereby make a mockery of the judicial system. First, the plaintiff is modestly sophisticated, as he was a salaried supervisor with the defendant and ran a cattle business on the side.[4] Second, the Chapter 13 proceeding at issue is the plaintiff's third bankruptcy case,[5] demonstrating that he has substantial experience with the applicable full-disclosure requirements.[6] Third, the plaintiff was represented by bankruptcy counsel, so he was not left to navigate the bankruptcy system unaided.[7]

Importantly, the questions which the plaintiff incorrectly answered in the negative are not easily misunderstood. The Schedule B at issue in *Slater* required a debtor to identify any "contingent and unliquidated claims," phrasing the Eleventh Circuit thought a debtor could construe to exclude lawsuits. 871 F.3d at 1177, 1186. In contrast, the Schedule B submitted by the plaintiff required him to identify "[c]laims against third parties, whether you have filed a *lawsuit* or made a demand for payment,"[8] language that explicitly includes lawsuits. Indeed, the question expressly identifies "employment disputes" as a kind of lawsuit required

---

[4] (Doc. 3 at 3; Doc. 34-2 at 25; *In re: Timmons*, Bankr. No. 18-03185, Doc. 36 at 1).

[5] (Doc. 34-6 at 3).

[6] *See Weakley v. Eagle Logistics*, 894 F.3d 1244, 1246-47 (11th Cir. 2018) (lower court properly "took into account the fact that [the plaintiff] had filed four other bankruptcy petitions, demonstrating that he should have been familiar with the requirements") (internal quotes omitted).

[7] *Cf. Slater*, 871 F.3d at 1186 ("It is not difficult to imagine that some debtors, particularly those proceeding *pro se*, may not realize that a pending lawsuit" must be disclosed).

[8] (Doc. 34-5 at 10 (emphasis added)).

4

to be disclosed.⁹  No debtor with the plaintiff's experience and background could believe he was not required to disclose a pending Title VII action against his former employer.¹⁰

One can of course imagine hypothetical innocent reasons for the nondisclosure of this lawsuit.  The plaintiff could suffer from amnesia or some other cognitive disorder or distraction that prevented him from remembering he had just sued the defendant.  Or he could have told his bankruptcy counsel about this lawsuit, trusted counsel to disclose it, and signed under oath without bothering to inspect the forms.  At least under the circumstances of this case, these are but will o' the wisps, and the defendant is under no obligation to negate them in order to establish grounds for judicial estoppel.  The plaintiff was free to offer an innocent explanation for his nondisclosure,¹¹ but he chose not to respond to the defendant's motion.  Although unnecessary to the proper resolution of the instant motion, the plaintiffs' silence in the face of the defendant's showing further suggests he concealed this lawsuit with the intent to deceive the bankruptcy court.

It is true that the plaintiff amended his bankruptcy schedules in April 2019, thirteen days after the defendant filed its motion for summary judgment.¹²  While the filing of corrected disclosures is relevant under *Slater*, so are the circumstances of the correction.  Correcting a misrepresentation before being called on it might suggest an innocent omission, but a correction made only after being threatened

---

⁹ *Id*.

¹⁰ The *Slater* Court acknowledged that the Statement of Financial Affairs' request for a listing of "all suits and administrative proceedings to which the debtor is or was a party" is fairly "straightforward," though it seemed to accept that a debtor could construe the question as limited to suits in which she was a defendant.  871 F.3d at 1178, 1186.  Given the plaintiff's background and legal assistance, such confusion is not plausible; in any event, the explicit question in Schedule B regarding lawsuits "you have filed" admits of no ambiguity in this regard.

¹¹ *Slater*, 871 F.3d at 1176-77.

¹² *In re: Timmons*, Bankr. No. 18-03185, Doc. 72 at 8.

with dismissal of one's lawsuit just as easily suggests a scramble to undo a deliberate omission. The timing of the plaintiff's disclosure is thus at best a neutral consideration.[13] Similarly, while the plaintiff did not disclose other lawsuits or claims in his schedules, so as to set up an awkward juxtaposition with his failure to disclose this action, there is no indication that he had any other lawsuits or claims to be disclosed; this circumstance is likewise neutral at best.

Remaining for consideration are circumstances in the bankruptcy proceedings. There is no indication from the bankruptcy record that anyone involved in those proceedings was aware of this action before the plaintiff amended his disclosures in April 2019. Nor has the Bankruptcy Court produced any "findings or actions" that could suggest it considers the plaintiff's nondisclosure innocent or harmless. *Slater*, 871 F.3d at 1186. This is not a case like *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003), *overruled in part in Slater*, 871 F.3d at 1189, in which the Bankruptcy Court reopened the plaintiff's case and specifically found the plaintiff had not intentionally concealed the undisclosed legal claims. *Id*. at 1292 (described in *Slater*, 871 F.3d at 1183-84).

As discussed above, the elements necessary to support a judicial estoppel have been established by the uncontroverted evidence applied to the governing law. To preserve the integrity of the judicial system that the doctrine is designed to protect, the Court exercises its discretion in favor of dismissal of the plaintiff's lawsuit.

---

[13] *See Weakley*, 894 F.3d at 1247 (judicial estoppel serves to protect the integrity of the judicial process, and it "cannot serve that purpose as well if a duplicitous debtor is assured that he can always avoid the doctrine's bite by dismissing his bankruptcy petition after his duplicity is found out."); *Jones v. Savage Services Corp.*, 2019 WL 2058715 at *4 (N.D. Ala. 2019) (similar).

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 31st day of July, 2019.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE